UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                                       CASE NO.: 2:14-CR-137
-v-                                                    JUDGE GEORGE C. SMITH

TAMARA ROBERTS,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Tamara Roberts' *Pro Se* Motion to Amend Sentence. (Doc. 26). The United States has responded in opposition. For the reasons that follow, Defendant's Motion is **DENIED**.

The Defendant was sentenced by this Court on April 8, 2015, to 26 months on Count 1 and 24 months on Count 2 to run consecutive to Count 1, for a total sentence of 50 months. She was also sentenced to 3 years supervised release, ordered to pay restitution to the IRS in the amount of $1,440,957.00, and to pay a $200 special assessment.

Defendant did not file a timely direct appeal, nor has she filed a 2255 challenge to her sentence. Instead, she now moves to amend her sentence and asks for a split sentence under the Sentencing Reform Act, 18 U.S.C. § 3551. (Doc. 26, Def.'s Mot. at 1). Defendants asserts that she has been a model inmate, has been incident free, and is an active participant in the courses and activities offered. She argues that she was a first time, non-violent offender and that should have been taking into consideration in sentencing.

The Government responds that this Court lacks jurisdiction to amend Defendant's sentence and any correction to Defendant's sentence must have occurred within the 14-day time limit imposed by Rule 35(a) of the Federal Rules of Criminal Procedure.

The Court agrees that the Defendant has failed to set forth any basis upon which this Court has jurisdiction to reduce or amend her sentence.  She references 18 U.S.C. § 3551, however that statute merely directs the Court to consider the statutory factors set forth in 18 U.S.C. § 3553(a) and not any statutory basis for amending a sentence.

Pursuant to 18 U.S.C. § 3582, a court may reduce a term of imprisonment, upon the motion of the Director of the Bureau of Prisons, if it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under Section 3142(g).

Additionally, a court may modify an imposed term of imprisonment based on substantial assistance provided by the defendant as permitted by Rule 35 of the Federal Rules of Criminal Procedure.  Finally, a court may reduce a term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

None of the aforementioned reasons are applicable to Defendant's case.  Defendant could have asked for a split sentence during the sentencing, or challenged her sentence on direct appeal.  However, there is no basis to reduce or amend Defendant's sentence at this time. Therefore, Defendant's Motion is **DENIED**.

The Clerk shall terminate Document 26 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**